Jill H. Berliner (CA State Bar No. 117201)
*jill.berliner@rimonlaw.com*
Richard J. Mooney (CA State Bar No. 176486)
*richard.mooney@rimonlaw.com*
RIMON P.C.
2019 Century Park East #400N
Los Angeles, CA 90067
Telephone: (310) 935-0805

Attorneys for Plaintiff
William Patrick Corgan

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Patrick Corgan,<br><br>             Plaintiff,<br><br>   v.<br><br>John Doe,<br><br>             Defendant. | CASE NO. _____<br><br>Complaint for Copyright Infringement<br><br>Jury Trial Demanded |

Plaintiff William Patrick Corgan alleges for his complaint against Defendant John Doe as follows:

## The Parties

1. Plaintiff is an internationally-acclaimed musician and songwriter, and owns the copyrights in the material discussed below.

2. Defendant is an individual who has anonymously published music clips to YouTube.com that unlawfully infringe Plaintiff's copyright rights. The true name and residence of Defendant is currently unknown to Plaintiff, who therefore sues Defendant under a fictitious name. Plaintiff anticipates that discovery will reveal the identity of Defendant.

## Jurisdiction, Venue, and Intradistrict assignment

3. This is a civil action seeking damages and injunctive relief for under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over Defendant, because Defendant has (as further described below) consented to the jurisdiction of this Court pursuant to the provisions of the Digital Millennium Copyright Act.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C § 1400(a).

6. Pursuant to Local Rule 3-2(c), this action is properly assigned on a District-wide basis as an Intellectual Property action.

## Factual Allegations

*The Protected Work*

7. In 2001, Mr. Corgan wrote and created a musical work entitled El Sol (the "Copyrighted Song"). As the sole writer and creator of the Copyrighted Song, Mr. Corgan owned (and still owns) all copyright rights in the Copyrighted Song.

8. In or about 2002, Mr. Corgan played a principal role in creating a studio recording of the Copyrighted Song (the "Protected Work").

9. The Protected Work was part of the process of preparing to release a commercial recording of the song (which occurred in 2003, on the album *Mary Star of the Sea* by the band Zwan, of which Mr. Corgan was a central member). As such, the Protected Work was experimental, preliminary, and not intended for distribution to the general public.

10. At no point did Mr. Corgan authorize release of the Protected Work, and he and his representatives took active steps attempting to ensure the security of the Protected Work. Those steps were apparently unsuccessful, however, as Defendant somehow obtained a copy of the Protected Work.

*Defendant's Wrongful Conduct*

11. At some point in early March 2016, Defendant (employing the YouTube username "Blurry Vision") posted to YouTube approximately 20 different performances of various songs in which Mr. Corgan holds the copyright, including the Protected Work (which was posted at http://www.youtube.com/watch?v=XeXYZhyGx-U).

12. Mr. Corgan's representatives, promptly upon recognizing the illegal postings of copyrighted works, sent DMCA take down notices to YouTube. YouTube disabled access to the illegally posted performances.

13. Defendant responded to the take down notices by sending YouTube a counter-notification under the DMCA with respect to the Protected Work (Defendant did not send counter-notifications related to the other illegal postings). In the counter-notification, Defendant stated as follows:

> this user is abusing the YouTube report function, this is an audio recording of a small live concert where the band allows open taping. also – get lost, Deckstar [Mr. Corgan's representative], what is wrong with you. I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled. I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will

accept service of process from the claimant.  Jonathan Monte 2130 Fulton St San Francisco, California 94117 US visionsofturda@gmail.com +1 415-422-5555

14. Defendant committed perjury by claiming that the Protected Work was a recording of a small live concert, when in fact it was a studio performance that was never authorized for distribution.

15. Defendant committed perjury by claiming to be Jonathan Monte, who is actually an associate of Mr. Corgan not involved in the illegal posting.

16. Defendant committed perjury by claiming that his address is 2130 Fulton Street in San Francisco, which is actually the address for KUSF, the radio station of the University of San Francisco.

17. At no point did Mr. Corgan authorize Defendant (or any other person) to distribute in any manner (including through posting to YouTube) the Protected Work.

18. On March 29, 2016, Mr. Corgan submitted an application (along with the required fee) to register his copyright in the Protected Work with the U.S. Copyright Office.  The application was assigned case number 1-3254540521.

**First Cause of Action – Copyright Infringement**

19. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

20. Mr. Corgan is the sole and exclusive owner of the valid copyright in the Protected Work.

21. Defendant, without Mr. Corgan's consent or permission, and without license or authority, has made one or more copies of the Protected Work and has distributed the Protected Work through YouTube.com.

22. Defendant's acts of infringement were intentional, purposeful, willful, and in calculated disregard of Mr. Corgan's rights.  Defendant's acts were accompanied and assisted by fraud and perjury.

23. Defendant's acts of infringement have caused Mr. Corgan to suffer monetary damages in an amount to be proven at trial.

24. Unless enjoined by the Court, Defendant will continue to infringe upon Mr. Corgan's copyrights in the Protected Work and will cause Mr. Corgan significant and irreparable injury that is not readily quantifiable in monetary terms, such that Mr. Corgan has no adequate remedy at law.

## **PRAYER**

Wherefore, Plaintiff prays judgment against Defendant as follows:

1. for actual damages in an amount to be determined at trial;

2. alternatively, for statutory damages in an amount to be determined at trial, pursuant to 17 U.S.C. § 504;

3. for an injunction permanently enjoining Defendant (and any person or entity acting in conjunction with Defendant) from further infringing Plaintiff's copyright rights.   for exemplary and punitive damages in an amount to be determined at trial;

4. for costs of suit, including attorneys' fees incurred pursuant to 17 U.S.C. § 505; and

6. for such other relief as the Court may deem proper.

Dated:  April 4, 2016
Rimon P.C.
By: ____/s/Richard Mooney_____
Richard Mooney
Attorneys for Plaintiff William Patrick Corgan

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial for all issues triable to a jury.

Dated: April 4, 2016  Rimon P.C.
By: ____/s/ Richard Mooney____
Richard Mooney
Attorneys for Plaintiff William Patrick Corgan